IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLENE M. WILHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-04-952-F |
| | ) | |
| SAFELITE GLASS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the court is Defendant's Motion for Attorneys' Fees, filed September 29, 2005 (doc. no. 92), and Plaintiff's Motion for Attorneys' Fees, filed September 29, 2005 (doc. no. 95). Upon review of the parties' submissions, the court makes its determination.

Defendant's Motion for Attorneys' Fees

On August 23, 2005, more than ten days before the trial of this case, defendant submitted an offer of judgment pursuant to Fed. R. Civ. P. 68[1] offering to settle all of plaintiff's claims for $10,000.00. At trial, the jury rendered a verdict in favor of plaintiff on one of her claims, the retaliation claim, and awarded plaintiff the sum of $9,300.00 for that claim. Because the jury award was less than the offer of judgment,

---

[1] Rule 68 provides in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued . . . .

defendant now requests the court to award it attorneys' fees in the amount of $25,000.00, which represents the attorneys' fees incurred by defendant subsequent to its Rule 68 offer of judgment. Should the court conclude that defendant may only be awarded post-offer attorneys' fees incurred for claims that are frivolous, unreasonable or without foundation, defendant requests that it be awarded two-thirds of its requested post-offer attorneys' fees, which represents attorneys' fees incurred for defending plaintiff's hostile work environment and gender discrimination claims.

Upon review of the applicable authorities, the court concludes that defendant is not entitled to an award of attorneys' fees under Rule 68. The court finds that the cost-shifting provision of Rule 68 does not apply.[2] The court agrees with the authorities cited by plaintiff that pre-offer attorneys' fees, in addition to pre-offer costs, must be included in determining whether plaintiff's ultimate recovery is less than defendant's Rule 68 settlement offer.[3] *See*, Marek v. Chesny, 473 U.S. 1, 7 (1985); Goos v. National Association of Realtors, 68 F.3d 1380, 1382 n. 1 (D.C. Cir. 1995); Scheeler v. Crane Co., 21 F.3d 791, 793 (8th Cir. 1994); Marryshow v. Flynn, 986 F.2d 689, 692 (4th Cir. 1993); Grosvenor v. Brienen, 801 F.3d 944, 948 (7th Cir. 1986); Alfonso v. Aufiero, 66 F.Supp.2d 183, 202-203 (D. Mass. 1999). From review of Exhibit A, attached to plaintiff's attorney's fees motion, and plaintiff's moving papers, it appears that plaintiff incurred $17,596.00 (100.55 hours times $175.00 per hour) in attorney's fees and $574.23 in costs as of August 23, 2005, the date the Rule

---

[2]The cost-shifting provision of Rule 68 is as follows:

> If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

[3] Both parties agree that Title VII, the underlying statute, includes attorney's fees as part of the recoverable costs.

68 offer was made. The court concludes that the lodestar amount (96.55 hours times $175.00 per hour) with a reduction of 10% for limited success, as further discussed below, is a reasonable attorney's fee. This fee, along with the pre-offer costs and jury award, clearly exceed the Rule 68 offer of judgment. Therefore, defendant's motion for attorneys' fees is denied.

<u>Plaintiff's Motion for Attorney's Fees</u>

As previously stated, the jury rendered a verdict in favor of plaintiff on her retaliation claim and awarded her $9,300.00 in damages. Plaintiff, as prevailing party, now requests the court to award her attorney's fees in the amount of $34,851.25. Although plaintiff did not succeed on some of her claims, plaintiff urges the court not to reduce her requested attorneys' fees simply because of her failure to succeed on those claims. Plaintiff contends her requested fees are appropriate in light of the fact that all of her claims were interrelated; the litigation was not protracted and the judgment in her favor deters future lawless conduct. Plaintiff also contends her refusal to accept the Rule 68 offer of judgment should not result in a reduction of her requested attorney's fees.

Defendant, in response, argues that plaintiff should not recover any post-offer attorneys' fees in light of her refusal to accept the Rule 68 offer of judgment. In addition, defendant contends that the attorney's fees recovery should be considerably reduced in light of her limited success at trial. Defendant further argues that the fee should be reduced as a result of plaintiff's efforts to prolong the litigation by maintaining frivolous claims and rejecting valid settlement offers.

The court finds that plaintiff's fees are not to be precluded due to her refusal to accept the Rule 68 offer of judgment. As previously found, plaintiff's jury award, plus accrued costs and attorneys' fees to date of offer of judgment, clearly exceeded the offer of judgment.

Although plaintiff's rejection of the Rule 68 offer does not preclude an attorney's fee award, the court recognizes that in determining what fee is reasonable, the court must take into account the Rule 68 offer. *See*, Dalal v. Allian Techsystems, Inc., 182 F.3d 757, 761 (10th Cir. 1999). Specifically, the court must consider the amount of the Rule 68 offer, the stage of the litigation at which the offer was made, what services were rendered thereafter, the amount obtained by judgment, and whether it was reasonable to continue litigating the case after the Rule 68 offer was made. *Id*. Having done so, the court concludes that no reduction in the attorney's fees which accrued after the Rule 68 offer is required.

The offer in this case was made in the late stages of this case, less than three weeks before trial. Plaintiff had ten days to consider the offer, and within that time, all pretrial filings were due. Plaintiff's counsel was working on pretrial matters at the time of the offer. After the offer was made, counsel was preparing for trial and the majority of services provided were for trial. The $10,000.00 offer of judgment, which included all costs and attorneys' fees to the date of the offer, was less than the $10,800.00 amount which defendant represents was the potential back pay award. The court concludes that it was not unreasonable for plaintiff to continue with litigation, in light of the attorney's fees and costs her counsel had incurred to that date. Clearly if plaintiff had prevailed on the retaliation claim (which she did) she would recover her back pay, and she, as prevailing party, would be entitled to an award of attorneys' fees and costs. Although the jury only awarded plaintiff $9,300,00 for her claim, the verdict did include an award of punitive damages. The court concludes that the requested fees in the amount of $34,851.25 (the lodestar amount) with a 10% reduction for limited success, as discussed below, is reasonable and that no further reduction based upon the Rule 68 offer is warranted.

4

At trial, the jury rendered a verdict in favor of plaintiff only on one claim, the retaliation claim. Plaintiff's claims of sexual harassment and gender discrimination were rejected by the jury. And the court on summary judgment rejected two of plaintiff's sexual harassment claims. Under these circumstances, the court's analysis of the appropriate attorney's fee to be awarded plaintiff must be guided by the Supreme Court's decision in Hensley v. Eckerhart, 461 U.S. 424 (1983). *See*, Browder v. City of Moab, ___ F.3d ___ , 2005 WL 2600624 *4 (10th Cir. October 14, 2005). In Hensley, the Court stated:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respect from [her] successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have [her] attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount that is reasonable in relation to the results obtained.

461 U.S. at 440.

In this case, where plaintiff "'achieved only partial or limited success,' the calculation for reasonable attorney's fees requires more than just determining 'the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate' because such 'may be an excessive amount.'" Browder, 2005 WL 2600624 *4 (quoting Hensley, 461 U.S. at 436). Two questions must be addressed by the court. "First, did the plaintiff fail to prevail on claims that were unrelated to the claim[ ] on which [she] succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* (quoting Hensley, 461 U.S. at 434). Plaintiff can only obtain an

award of attorney's fees for time spent prosecuting the successful claim as well as those related to it.

The court agrees with plaintiff that the claims rejected by the jury and the court are related to the retaliation claim. However, that does not end the matter. The court still retains discretion to adjust the award commensurate with the degree of success obtained. *Id.* In exercising this discretion, however, the court recognizes that it cannot eyeball the fee request and cut it down by an arbitrary percentage. *Id.* Upon due consideration and in exercising its discretion, the court concludes that the lodestar amount should be reduced by 10% for plaintiff's partial success. The court concludes that such an award is commensurate with the degree of success obtained and constitutes a reasonable attorney's fee in this case. Although the retaliation claim is certainly distinct from the other claims as a legal matter, the facts of this case strongly suggest that, as a factual matter, and from the standpoint of attorney time and effort, the retaliation claim was closely intertwined with the other, less successful, claims asserted by plaintiff. The court finds, on the basis of a careful review of the pretrial proceedings (including motion work) and of the evidence at trial, that the retaliation claim, standing alone, would have required all but a relatively small fraction of the work that was devoted to all of the claims in the aggregate. The lodestar amount is $34,851.25. Ten percent of this amount ($3,485.13) is a rational approximation of the amount of time that would not have had to have been devoted to the matter if the unsuccessful claims had not been asserted.

The court rejects defendant's final argument that plaintiff's requested attorney's fees should be reduced for prolonging the litigation. Despite defendant's arguments to the contrary, the court concludes that plaintiff's claims of sexual harassment and gender discrimination were not frivolous, unreasonable or without foundation. To be sure, the sexual harassment claim was factually weak; the court certainly agrees with

Fuck
...

the verdict of the jury on that claim. The court would likely view the matter differently if, in order to get past summary judgment on the harassment claim, the plaintiff had testified that *she* was the subject of the repugnant comments, but she did not do so. The court further finds that plaintiff did not prolong the litigation by refusing defendant's offers of settlement. The court finds that it was reasonable for plaintiff to continue with the litigation, in light of the potential back pay award and the amount of the attorney's fees and costs that had been incurred at the time the offers were made.

Based upon the foregoing, Defendant's Motion for Attorneys' Fees, filed September 29, 2005 (doc. no. 92), is **DENIED**. Plaintiff's Motion for Attorneys' Fees, filed September 29, 2005 (doc. no. 95), is **GRANTED**. Plaintiff is awarded reasonable attorney's fees in the amount of $31,366.13, which figure represents the lodestar amount minus 10% for limited success.

DATED this 7th day of November, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0952p020 (pub).wpd